JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00367-RGK-SP | Date | March 17, 2023 |
|---|---|---|---|
| Title | *Maximo Guerrero v. BMW N. Am. LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Order Remanding Action to State Court**

On January 27, 2023, Maximo Guerrero ("Plaintiff") filed a Complaint against BMW of North America, LLC ("Defendant") alleging breaches of express and implied warranties pursuant to the Song-Beverly Warranty Act and a violation of California Business and Professions Code Section 17200. On March 3, 2023, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of establishing that the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014).

In the complaint, Plaintiff seeks damages, including compensatory damages, restitution, rescission of the purchase contract, statutory remedies, and attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendant alleges that the purchase price of the vehicle was $112,906.72 and that Plaintiffs' actual damages are $111,796.47. Including civil penalties (i.e, two times actual damages), Defendant argues that the amount in controversy is $335,389.41 (before considering attorneys' fees).

However, while the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, minus the value for any use by plaintiff prior to the first repair of the vehicle, the plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). The Installment Contract in this case, executed on November 27, 2022,, indicates that Plaintiff paid a down payment of only $10,000.00. The remainder of the total purchase price was financed (or was included as a finance charge). Plaintiffs' monthly

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:23-cv-00367-RGK-SP | Date | March 17, 2023 |
|---|---|---|---|
| Title | *Maximo Guerrero v. BMW N. Am. LLC, et al* | | |

payments, which did not begin until January 11, 2023, are $1,225.08. The final payment is not due until December 11, 2029. (Defs.' Notice of Removal, Ex. C at 1, ECF No. 1-3.) Therefore, even assuming Plaintiff has continued to make payments after filing suit, he has only paid $13,675.24. So even if civil penalties applied, the amount in controversy would not come close to the jurisdictional threshold. In light of these facts, the Court finds it implausible that the amount in controversy exceeds $75,000.

As to attorneys' fees, district courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co. Of Reading, Pa.*, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over time depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative to include in the amount in controversy.

Therefore, the Court finds that Defendant has not plausibly alleged that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Riverside County Superior Court, CVSW2300683

|  | : |
|---|---|
| Initials of Preparer | JRE/ap |